IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES M.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI<br>**Acting Commissioner of Social Security,**<br><br>　　　　　　　　　　　Defendant. | Case No. 2:21-cv-00521-DBP<br><br>REPORT & RECOMMENDATION<br><br>District Court Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

Plaintiff James M.,[1] pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits under Title II of the Social Security Act (Act). After careful review of the entire record along with the parties' briefs,[2] the Court finds the Commissioner's final decision is supported by substantial evidence and legally sound and RECOMMENDS to the District Court that the Commissioner's decision be AFFIRMED.[3]

---

[1] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] ECF No. 20, Plaintiff's Motion for Review of Agency Action; ECF No. 24, Defendant's Memorandum in Opposition; ECF No. 25. Plaintiff did not file a Reply Memorandum and the time within which to do so has expired. *See* ECF No. 17, Administrative Appeal Scheduling Order.

[3] ECF No. 20.

## II. BACKGROUND

On June 23, 2019, Plaintiff filed a Tittle II application for disability insurance benefits, alleging a disability onset date of June 5, 2019.[4] Plaintiff's claim was denied initially on November 8, 2019, and upon reconsideration on January 27, 2020.[5] Thereafter, Plaintiff pursued his claim to a January 21, 2021, hearing before Administrative Law Judge (ALJ) Jason W. Crowell.[6] In a written decision issued on January 29, 2021, ALJ Crowell determined that Plaintiff was not disabled under the Social Security Act.[7] In reaching this conclusion, the ALJ applied the five-step sequential evaluation for determining disability in adults.[8]

At Step 2 of the sequential evaluation, the ALJ found Plaintiff had the severe impairments of obesity, sleep apnea and Parkinson's disease.[9] At Step 4, the ALJ determined Plaintiff had the residual functional capacity ("RFC")[10] to perform light work[11] but that he could never:

---

[4] Administrative Transcript (Tr.) 23.

[5] *Id.*

[6] *Id.*

[7] Tr. 23-31.

[8] To qualify for disability benefits, a claim must establish that he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

[9] Tr. 25; 20 C.F.R. § 404.1520.

[10] 20 C.F.R. § 404.1545(a)(1) ("Your [RFC] is the most you can still do despite your limitations.").

[11] 20 C.F.R. § 404.1567(b) (defining "light work").

      climb ladders, ropes, or scaffolds; frequently climb ramps and stairs, balance, kneel and crawl; frequently handle and finger bilaterally; and [that he] must avoid concentrated exposure to hazards.[12]

Based on his age, education, work experience and RFC, the ALJ concluded that Plaintiff could perform his past relevant work as an Airline Security Representative and was not disabled under the Act.[13]

The agency's Appeals Council denied Plaintiff's request for review,[14] making the ALJ's decision final for purposes of judicial review.[15] Plaintiff's September 1, 2021, appeal to this court followed.[16] This court has jurisdiction over Plaintiff's appeal of the Commissioner's final decision under 42 U.S.C. § 405(g).

### III.    STANDARD OF REVIEW

The Court's review of the Commissioner's final decision is narrowly limited to a determination of whether substantial evidence in the record, taken as a whole, supports the

---

[12] Tr. 28.

[13] Tr. 30-31; 20 C.F.R. § 404.1565.

[14] Tr. 5-8. As part of his request for review before the Appeals Council, Plaintiff submitted additional evidence, including six pages of treatment notes from February 2021. Tr. 6; Tr. 15-19. The Appeals Council concluded that the additional evidence provided did "not relate to the period at issue" and therefore did "not affect the decision about whether [Plaintiff was] disabled beginning on or before January 29, 2021." Tr. 6.

[15] 20 C.F.R. § 416.1481.

[16] ECF No. 2; *see* 42 U.S.C. § 405(g).

factual findings and whether the correct legal standards were applied.[17] On review, the agency's factual findings are considered "conclusive if supported by substantial evidence."[18]

The threshold for substantial evidence is "not high"; it is "more than a mere scintilla" of evidence, and "means---and means only---such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[19] In considering the record, the court may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]."[20] As a result, where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[21]

## IV. DISCUSSION

On appeal, Plaintiff challenges the ALJ's "consistency analysis" at steps four and five of the sequential evaluation and formulates the issue on appeal as whether:

> the ALJ's specific findings that [Plaintiff] was capable of performing work at the light exertional level, with some physical limitations, but no mental limitations, and without any limitations in reaching and maintaining acceptable levels of attendance, staying on task for 90% or more of a typical workday and performing at a satisfactory level in competitive employment on a regular, continuous, sustained basis, [are] supported by substantial evidence?[22]

---

[17] *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

[18] *Biestek v. Berryhill,* 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g) (internal quotation marks omitted)).

[19] *Id.* at 1154 (internal quotation marks omitted).

[20] *Hendron*, 767 F.3d at 954 (citation omitted).

[21] *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

[22] ECF No. 20 at 14, Plaintiff's Opening Brief.

4

Plaintiff asserts the ALJ erred in failing to give his reported symptoms sufficient weight and by failing to include all of his symptoms as limitations in the RFC. For the reasons now stated below, the court disagrees.

### Substantial Evidence Supports The ALJ's Finding That Plaintiff's Reported Symptoms Were Inconsistent With The Other Evidence

The RFC assessment must address a Plaintiff's reported symptoms and Plaintiff bears the burden of showing that the limitations should be included in the RFC.[23] Since the purpose of the evaluation "is to help the ALJ assess a claimant's RFC, the ALJ's credibility[24] and RFC determinations are inherently intertwined."[25] Here, while the ALJ found the evidence supported significant functional limitations for Plaintiff, he determined that Plaintiff's reports of debilitating symptoms were inconsistent with other evidence. In support, the ALJ identified three main reasons for reaching the conclusion that Plaintiff's reported symptoms were not as severe as he claimed: (1) the objective medical evidence; (2) Plaintiff's activities; and (3) the inconsistent statements Plaintiff provided about his symptoms.[26]

---

[23] 20 C.F.R. § 404.1529; SSR 16-3p (eliminated the term "credibility" from the agency's sub-regulatory policy); *Howard v. Barnhart,* 379 F.3d 945, 948-49 (10th Cir. 2004).

[24] SSR 16-3p eliminated the term "credibility" from the agency's sub-regulatory policy. *See* 2016 SSR LEXIS 4. The governing regulation however has not changed, and cases interpreting it remain relevant.

[25] *Poppa v. Astrue,* 569 F.3d 1167, 1171 (10th Cir. 2009).

[26] Tr. 28-29.

5

### 1.   **Objective Medical Evidence**

Objective medical evidence consists of "medical signs, laboratory findings, or both"[27] and is a "useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms . . . ."[28]

When considering objective medical evidence, the ALJ noted some abnormal findings: cogwheeling rigidity in Plaintiff's left arm, a tremor in Plaintiff's right hand and an absent arm swing on his left arm.[29] The ALJ also considered Brian Paulson-PA's September 13, 2019, consultative exam finding that Plaintiff exhibited a "pill rolling tremor that increased with activities as well as tremulous upper extremities."[30] In turn, the ALJ also weighed the objective evidence of Plaintiff's physical symptoms that showed him exhibiting a full range of motion, normal motor strength, muscle bulk and tone throughout all extremities and normal sensation and gait with a good stride.[31]

With regard to Plaintiff's mental symptoms, the ALJ further discussed Plaintiff's July 2019 neuropsychological testing which measured him within average range on all subtests and with a full-scale IQ of 98.[32] The ALJ found the "longitudinal treatment notes show[ed] mental

---

[27] 20 C.F.R. §§ 404.1513(a)(1), 416.913(a)(1).

[28] SSR 16-3p; 20 C.F.R. § 404.1529(c)(4) ("[W]e will evaluate your statements in relation to the objective medical evidence.").

[29] Tr. 29.

[30] *Id.* (citing Tr. 388-92).

[31] *Id.* (citing Tr. 271, 280-81, 284, 338, 376, 403, 408-09, 413).

[32] *Id.* (citing Tr. 262-63, Report of Neuropsychological Assessment, Aharon D. Shullmson, PhD).

stability"[33] and that Plaintiff's mental status examinations were "unremarkable" noting that Plaintiff exhibited "appropriate mood and affect, neat grooming, logical, and coherent thoughts, intact recent and remote memory, fairly good attention span, and intact insight and judgment."[34] Additionally, the ALJ considered objective findings from Plaintiff's consultative examination with Dr. John Hardy. Dr. Hardy's findings showed Plaintiff as friendly and cooperative, displaying linear speech, adequate attention on the Mental Control Subscale and exhibiting intact associations and full orientation and an ability to remember and recite verbatim 4/4 steps of a four step task that was presented verbally.[35]

Although some of the evidence was suggestive of greater limitations and some suggestive of lesser limitations, the ALJ appropriately concluded that the objective evidence did not support a finding that Plaintiff's "Parkinson's or other established impairments, considered singly and in combination, cause[d] more than minimal cognitive difficulties or limitations."[36]

## 2. Activity Level

A claimant's activities are relevant to symptom evaluation.[37] And, while the "sporadic performance" of activities "does not establish that a person is capable of engaging in substantial

---

[33] Tr. 30.

[34] Tr. 26 (citing Tr. 271, 284, 403).

[35] Tr. 26-27 (citing Tr. 380-83).

[36] Tr. 29.

[37] 20 C.F.R. § 404.1529(c)(3)(i).

gainful activity,"[38] an ALJ may consider such activities in relation to a claimant's self-reported symptoms.[39]

In his decision, the ALJ discusses activity level in conjunction with Plaintiff's self-reported daily activities which included self-care, caring for a pet, light housework, preparing meals, driving and going out alone.[40] Plaintiff also reported that he "manages his finances, enjoys reading and playing games on his phone, is able to follow instructions okay, and can follow a recipe."[41] Additionally, the ALJ noted that Plaintiff recently traveled to Hawaii and, other than experiencing left arm fatigue when catching a 100 pound fish, did not report any other difficulties.[42] Regarding relationships, although Plaintiff reported some difficulty getting along with others, the ALJ recognized that Plaintiff successfully lived with family, shops in stores and keeps in contact with former coworkers by phone."[43]

Thus, the ALJ reasonably concluded that Plaintiff's reports of severe cognitive impairment and limited ability to use his hands were inconsistent with Plaintiff's activities and his activity levels.

---

[38] *Frey v. Bowen,* 816 F.2d 508, 516-17 (10th Cir. 1987).

[39] *See generally Wilson v. Astrue,* 602 F.3d 1136, 1146 (10th Cir. 2010). K

[40] Tr. 11 (citing, Tr. 191-93, Tr. 382).

[41] Tr. 26 (citing Tr. 193-95, Tr. 382).

[42] Tr. 29 (citing Tr. 337).

[43] Tr. 26 (citing Tr. 190, 193-94).

### 3. Inconsistent Statements

Agency regulations lay out a number of factors that an ALJ must consider when evaluating a claimant's symptoms.[44] A factor relevant to determining the extent that symptoms affect a claimant's capacity to work is "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [Plaintiff's] statement and the rest of the evidence. . . ."[45]

Here, Plaintiff testified before the ALJ that he had repeatedly fallen and had difficulty walking.[46] Yet, when considering the objective medical evidence of record the ALJ noted that Plaintiff "denied any falls or difficulties in walking."[47] Under the regulations, when determining Plaintiff's capacity to work, the ALJ was entitled to consider this conflict between Plaintiff's statements and the objective evidence presented.

Overall, the ALJ is not required to proceed factor by factor through the evidence. Instead, the ALJ need only set forth the specific evidence upon which he relied.[48] Here, the ALJ set forth the specific evidence upon which he relied in reaching his conclusions and identified three main categories of reasons as to why the ALJ concluded that Plaintiff's symptoms were not as severe as he claimed. While some of the evidence was suggestive of greater limitations and

---

[44] 20 C.F.R. § 404.1529(c)(4).

[45] *Id.*

[46] Tr. 48.

[47] Tr. 28-29. *See also* Tr, 277, Tr. 280, Tr. 337, Tr. 375, Tr. 402.

[48] *See Qualls v. Apfel,* 206 F.3d 1368, 1372 (10th Cir. 2000); *see also Mounts v. Astrue,* 479 F. Appx. 860, 866 (10th Cir. 2012) (unpublished) (recognizing a "difference between what an ALJ must consider as opposed to what he must explain in the decision.").

other suggestive of lesser limitations, as the factfinder, the ALJ reasonably resolved those inconsistencies and concluded that, although limited, Plaintiff remained capable of a restricted range of light work.[49] In such circumstances, the court is prohibited from reweighing the evidence or substituting its judgment for that of the ALJ.[50]

### The ALJ's Assessment of Plaintiff's RFC Is Supported By The State Agency Medical Consultants' Prior Administrative Medical Findings

Plaintiff does not directly challenge the ALJ's consideration of the prior administrative medical findings.[51] Instead Plaintiff questions the sufficiency of the evidence to support the ALJ's conclusion that he could frequently climb ramps and stairs and frequently handle and finger bilaterally.[52] The evidence Plaintiff seeks, however, is found in the medical opinions and prior administrative medical findings of the state agency medical consultants.

---

[49] *Allman v. Colvin,* 813 F.3d 1326, 1333 (10th Cir. 2016) ("[T]he record contains support for both the notice that [Plaintiff] has extreme deficiencies . . . and the notion that his . . .limitations are not that severe. The ALJ was entitled to resolve such evidentiary conflicts and did so.") (citation omitted)).

[50] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (internal citation and quotation omitted) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.").

[51] *Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of [Plaintiff's] contentions that have been adequately briefed for our review.").

[52] ECF No. 20 at 32 (emphasis in original) ("Where is the substantial evidence that supports the proposition that, given [Plaintiff's] unrefuted testimony, he could, nevertheless, frequently climb ramps and stairs?"); *Id.* at 34 ("Where is the substantial evidence that supports the proposition that, given Mr. Morris' testimony, he could, nevertheless, frequently handle and finger bilaterally, especially in a security sensitive position, such as a TSA screener?").

As part of the RFC assessment the ALJ considered Plaintiff's reported symptoms along with the medical opinions and prior administrative medical findings.[53] State agency medical consultants Dr. Kendrick Morrison and Dr. Ralph McCay both concluded that Plaintiff could frequently climb ramps and stairs and frequently handle and finger.[54] In considering these findings, the ALJ determined that Dr. Morrison's prior administrative medical finding was "partly persuasive" and that Dr. McCay's findings, which included additional restrictions beyond those found by Dr. Morrison, was persuasive.[55] In doing so, the ALJ determined that Plaintiff had abilities consistent with Dr. McCay's prior administrative medical findings and was more limited than Dr. Morrison had found. The prior administrative medical findings provide substantial evidentiary support for the ALJ's assessment of Plaintiff's RFC.

### The ALJ's RFC Assessment Addressed Plaintiff's Ability To Engage In Full-Time Competitive Work

Plaintiff asserts there is no evidence to support the ALJ's conclusion that Plaintiff could engage in full time work and argues that the ALJ improperly disregarded Plaintiff's own testimony indicating that he is unable to do so.[56]

A Plaintiff's RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis."[57] A regular and continuing basis is defined as "8 hours a day, for 5 days a week, or an equivalent

---

[53] *See* SSR 96-8p, 1996 SSR LEXIS 5.

[54] Tr. 72-74, November 4, 2019 Consultative Examination; Tr. 88-90, January 24, 2020 Consultative Examination.

[55] Tr. 30.

[56] ECF No. 20 at 30-32.

[57] SSR 96-8p, 1996 SSR LEXIS 5.

work schedule."[58] There is no requirement that the ALJ make a specific statement, with regard to the RFC assessed, that Plaintiff is able to work on a regular and continuing basis.[59] This is likely because "within the very definition of RFC is included" the ability to work on a regular and continuing basis.[60] Accordingly, the ALJ's failure to do so here is not in error. Rather, the ALJ's assessment of Plaintiff's RFC---which accounted for Plaintiff's supported symptoms and incorporated the limitations found by the State agency medical consultants---implicitly addressed Plaintiff's ability to perform work on a regular and sustained basis.[61]

### The ALJ Properly Considered The Combined Effects Of Plaintiff's Impairments

Next, Plaintiff broadly argues the ALJ failed to consider how his impairments "acting together" would create difficulties for the Plaintiff.[62]

An ALJ must consider the combined effect of a disability claimant's impairments.[63] In his decision, the ALJ explicitly acknowledged that when formulating the RFC he would

---

[58] *Id.* at *1.

[59] *See Watson v. Berryhill,* 2017 U.S. Dist. 190186 at *27 (D. Kan. Nov. 17, 2017) ("The Social Security statutes, regulations, and rulings require specific on-the-record statements of findings in certain cases. They do not require a statement that the claimant is able, with the RFC assessed, to work on a regular and continuing basis.").

[60] *Id.*

[61] *Id.* at *28 ("Lacking a specific showing of error in the ALJ's RFC assessment, . . . , the court will not assume that the ALJ did not bear in mind the required definition of RFC and thereby failed his duty to consider whether, with the RFC assessed, Plaintiff is able to sustain work on a regular and continuing basis.").

[62] ECF No. 20 at 33.

[63] 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 416.923(c).

12

"consider all of the claimant's impairments."[64] Absent evidence to the contrary, the court assumes the ALJ did so and Plaintiff fails to identify a specific impairment which he asserts the ALJ failed to address.

### The ALJ Reasonably Declined To Include Unsupported Limitations In Plaintiff's RFC

Finally, Plaintiff makes vague arguments regarding the ALJ's failure to include certain limitations in the RFC and the ALJ's improper reliance on the vocational expert testimony.

Unsupported limitations need not be included in the RFC and Plaintiff's claim that the ALJ should not have relied upon the vocational expert's testimony simply re-hashes his unsupported argument, discussed above, that the ALJ should have incorporated additional limitations.[65] Further, there vocational expert error because the ALJ's hypothetical to the vocational expert included all of the limitations that he determined the Plaintiff experienced.[66]

---

[64] Tr. 24-25. 20 C.F.R. § 416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your [RFC].").

[65] *See supra* pg. 5-10.

[66] *Rutledge v. Apfel,* 230 F.3d 1172, 1175 (10th Cir. 2000) (*citing Qualls v. Apfel,* 206 F.3d 1368, 1373 (10th Cir. 2000) ("Because the ALJ's hypothetical included all of the limitations he properly determined claimant to have, there was no error").

## V. **RECOMMENDATION**

For the reasons stated , the court finds that the ALJ's decision is supported by substantial evidence and is legally sound and therefore RECOMMENDS that it be AFFIRMED and Plaintiff's Motion for Review of Agency Action be DENIED.[67]

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. §636(b)(1), Fed. R. Civ. P. 72(b). The parties must file an objection to this Report and Recommendation within fourteen (14) days after receiving it. *Id.* Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 15th day of November, 2022.

_____
DUSTIN B. PEAD
Chief United States Magistrate Judge

---

[67] ECF No. 20. If the recommendation is adopted, judgment shall be entered in accordance with Fed. R. Civ. P. 58. *See Shalala v. Schaefer*, 509 U.S. 292, 296-304, 113 S. Ct. 2625, 125 L. Ed. 239 (1993).